```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

UNITED STATES FOR THE USE                CIVIL ACTION
AND BENEFIT OF C & J OF
CROWN POINT, L.L.C.

VERSUS                                   NO: 11-0857

WAYNE A. SINGLETON, et al.               SECTION: "A" (2)

## ORDER AND REASONS

Before the Court are the following motions: (1) Motion in Limine to Limit Liability as Miller Act Surety (Rec. Doc. 110), filed by Great American Insurance Company ("Great American"); (2) Motion to Strike (Rec. Doc. 111), filed by Crown Point Investments, L.L.C. ("Crown Point").  Both motions are opposed and are before the Court on the briefs, without oral argument.  A three-day bench trial in this matter is currently set for February 18, 2014.

Great American has filed a Motion in Limine (Rec. Doc. 110) to limit its potential liability as a Miller Act Surety.  Great American contends that the Miller Act provides the only legal basis for C&J of Crown Point, L.L.C.'s ("C&J") claims against Great American in this matter.  Great American moves for the Court to limit the evidence admissible at trial pertaining to C&J's Miller Act claims.

Great American contends that the work that C&J performed, giving rise to their claims, took place in the months of April and May of 2010.  Great American argues that since liability under the

Miller Act is limited to the amount due for the work performed, the evidence pertaining to C&J's Miller Act claim should be limited to the time period during which the work was actually performed. Great American seeks to exclude evidence from March of 2010, during which time C&J's equipment was on the work site, but was immobile and not in use.

C&J opposes the Motion in Limine, arguing that the Miller Act is a statute that courts construe broadly. C&J cites case law allowing recovery under the Miller Act for the labor and materials used to perform work specified in a contract. C&J argues that it is entitled to recovery of expenses incurred before and after the time frame during which work was actually performed, and so the evidence should not be limited in the manner Great American requests.

Crown Point has filed a <u>Motion to Strike (Rec. Doc. 111)</u> Great American's Motion in Limine. Crown Point argues that Great American's motion seeks to limit liability rather than to exclude any testimony or evidence. Crown Point argues that Great American's motion is not a true motion in limine, but is an untimely dispositive motion. Crown Point moves for the Court to strike Great American's motion on this basis.

The Court finds that although the caption of Great American's Motion in Limine is misleading, in that its stated purpose is to limit liability, the actual purpose of the motion is to limit which evidence may be presented at trial. Thus, the motion, brought as

2

a motion in limine, is procedurally correct. For this reason, Crown Point's Motion to Strike is DENIED.

Having determined that Great American's motion is procedurally correct, the Court now reviews the merits of the motion. In keeping with the Fifth Circuit's liberal construction of the Miller Act,[1] the Court refuses to limit the evidence in the manner requested. The Court will be in a better position to assess the parties' arguments pertaining to the extent of liability under the Miller Act after trial on the merits. These arguments can be re-urged in the pre and/or post-trial briefing, which the Court will order parties to submit in conjunction with the bench trial. For these reasons, Great American's Motion in Limine is DENIED.

Accordingly;

**IT IS ORDERED** that Crown Point Investments, L.L.C.'s Motion to Strike (Rec. Doc. 111) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Great American Insurance Company's Motion in Limine to Limit Liability as Miller Act Surety (Rec. Doc. 110) is hereby **DENIED**.

January 30, 2014

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] *Boyd Callan, Inc. v. U.S. for Use of Steves Indus., Inc.*, 328 F.2d 505, 512 (5th Cir. 1964) (*citing Illinois Surety Co. v. John Davis Co.*, 244 U.S. 376, 378 (1917)). ("[The Miller Act] must be construed liberally in order to effectuate the purpose of Congress.")